United States District Court
Southern District of Texas
**ENTERED**
June 01, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SYSCO MERCHANDISING & SUPPLY** | § | |
| **CHAIN SERVICES, INC.,** *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:22-CV-02075** |
| | § | |
| **REMCODA, LLC,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM & ORDER

Sysco brings various claims against Defendants stemming from Defendants' sale and of food-service gloves to Sysco. The Court previously dismissed some of Sysco's claims, allowed others to proceed, and gave leave for Sysco to replead. ECF No. 38. Sysco filed an Amended Complaint, and Defendants again moved to dismiss.

The Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Sysco's unjust enrichment claim is dismissed. All other claims may proceed.

## I.     BACKGROUND[1]

The relevant facts are discussed in this Court's prior Order, ECF No. 38, and are summarized only briefly here. This case concerns the purchase of food-service gloves. Sysco alleges that Defendants represented that their gloves "were made of nitrile, latex-free, and . . . complied with the Federal Food Drug, and Cosmetic Act and its implementing regulations ('FDCA')." *Id.* ¶ 20. Defendants represented that (1) they were responsible for the gloves' quality; and (2) the gloves would be inspected twice. *Id.* ¶ 21.

---

[1] At this stage, all well-pleaded factual allegations are accepted as true. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

1

Sysco and Remcoda entered into a series of agreements in which Sysco purchased 687,402 cases of gloves for $78,429,665.20 over the course of 2020 and 2021. *Id.* ¶¶ 22, 27. Each case and box of gloves was labeled "Bluzen," "Disposable Nitrile Gloves," and "Protective Gear." *Id.* ¶¶ 32-33. Sysco alleges that the gloves were not actually made of nitrile. *Id.* ¶¶ 34-35.

Sysco received the first shipments in February 2021, resold the gloves, and started getting customer complaints a month later. *Id.* ¶¶ 34, 37. Sysco alleges that it reported the complaints to Remcoda and IBrands's CEO Remy Garson, who responded that Defendants "will always be willing to provide credits" for defective products. *Id.* ¶ 39. Sysco ordered more gloves. *Id.*

After more complaints, Sysco sent the gloves for testing, which showed that the gloves were made of vinyl, not nitrile. *Id.* ¶¶ 40-41. Sysco revoked acceptance, but Defendants did not retrieve the gloves. *Id.* ¶ 44.

Sysco then filed this lawsuit. Defendants moved to dismiss. ECF No. 26. The Court granted in part and denied in part that Motion. ECF No. 38.

After Sysco filed an Amended Complaint, ECF No. 39, Defendants again moved to dismiss. ECF No. 42. Sysco responded, ECF No. 43, and Defendants replied, ECF No. 46.

## II.    STANDARD OF REVIEW

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering such a motion, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). A pleading need not contain detailed factual allegations but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). "A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Id.* (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Outside documents may be considered if (1) "they are referred to in the plaintiff's complaint," and (2) they "are central to [the plaintiff's] claim." *Carter v. Target Corp.*, 541 F. App'x 413, 416 (5th Cir. 2013) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### III.   ANALYSIS

#### A.  Counts 1-3: Fraud-Based Claims

Sysco brings three fraud-based claims: fraudulent inducement, fraud, and negligent misrepresentation. *See* ECF No. 39 ¶¶ 47-74. Sysco alleges that Defendants (1) fraudulently induced Sysco to enter into the contract by representing that the gloves were nitrile, latex-free, and FDCA compliant, and had been subject to two rounds of testing and inspections; (2) engaged in common law fraud by making those same representations, as well as the representation that they provide refunds for nonconforming goods; and (3) made negligent misrepresentations based on the same statements. *Id.*

In the Court's prior Order, the Court allowed these claims to proceed in part. The Court reasoned that Sysco failed to plead the requisite scienter to support a fraud claim based on promises of future performance. ECF No. 38 at 7-8 (explaining that fraud claims may be based

on promises of future conduct only when a plaintiff can establish that the plaintiff intended not to perform at the time the promise was made). Thus, the Court permitted the three fraud-based counts to proceed to the extent that Sysco alleges that Defendants misrepresented facts about the gloves that had already been delivered. *Id.* at 15-23.

In its Amended Complaint, Sysco adds new allegations that "Defendants had no intention of issuing refunds for all the defective and nonconforming gloves." ECF No. 39 ¶ 43. This is supported by the allegation that Defendants are "fiscally incapable" of issuing such refunds. *Id.* It may be the case that Sysco will not ultimately be able to prove these allegations, but, at this stage, these allegations are sufficient. *See Shendong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1034 (5th Cir. 2010) (per curiam).

Defendants' other arguments largely either (1) rehash issues that were already discussed in this Court's prior M&O or (2) involve fact-intensive inquiries. The Court declines to revisit the prior set of arguments. The latter set of arguments are more appropriate at the summary-judgment stage.

Thus, Sysco's fraud-based claims (Counts 1-3) may proceed.

### B.  Count 5: Breach of Express Warranty

Defendants also move to dismiss Sysco's breach-of-express-warranty claim. *See* ECF No. 42 at 25-26. The Court previously allowed this claim to proceed in part, explaining that (1) the warranty that the gloves would be made of nitrile was merely a promise to perform under the Contract and could not proceed; but (2) the warranty that the packaging and labeling would comply with the FDCA could potentially support a breach-of-express-warranty claim. ECF No. 38 at 16-18. No new allegation or argument has caused the Court to reconsider its prior ruling. It may be the case that Defendants never promised that the gloves or their packaging would comply

with the FDCA. But that factual dispute is not appropriately resolved at the motion-to-dismiss stage. This claim may proceed.

### C.  Count 6: Breach of Implied Warranty of Merchantability

Next, Defendants move to dismiss Sysco's breach-of-implied-warranty claim. The Court previously dismissed this claim, explaining, first, that Sysco failed to allege either that vinyl gloves were unfit for use in the food service industry; and, second, that Sysco's breach-of-implied-warranty claim contains no allegation based on improper labeling. ECF No. 38 at 18. Sysco's Amended Complaint now includes an allegation that the gloves were improperly labeled. ECF No. 39 ¶¶ 91-93.

Defendants now argue that the breach-of-implied warranty claim cannot succeed because failing to conform to the labeling ("nitrile") is the same as breaching the contractual promise to provide nitrile gloves.[2] *See* ECF No. 42 at 26-27. Sysco responds that it is arguing that the product is unmerchantable because it does not conform to the label. ECF No. 43 at 26. Defendants reply that Sysco still fails to identify a promise or factual affirmation that is different from the promise underlying the breach of contract claim. ECF No. 46 at 12-13.

Defendants fail to address Sysco's argument that the requirement that a warranty be different from the contractual promise does not apply to implied warranties of merchantability. Thus, at the motion-to-dismiss stage, this claim may proceed.

### D.  Counts 7 and 8: Joint Enterprise and Alter Ego

Defendants next argue that Sysco's joint enterprise and alter ego claims fail because Sysco fails to allege an underlying tort. This argument could succeed only if the Court were to

---

[2] As this Court explained in its prior Order, the purchase orders, which are part of the Contract, state that the orders are for nitrile gloves. ECF No. 38 at 17.

dismiss all of Sysco's fraud claims. As discussed above, Sysco's fraud claims may proceed. Thus, Sysco's joint enterprise and alter ego claims may proceed also.

### E.  Count 9: Unjust Enrichment

Sysco alleges an unjust enrichment claim in the alternative. ECF No. 39 ¶¶ 103-07. The Court previously dismissed this claim because the earlier Complaint never alleged, even in the alternative, that no valid contract existed. ECF No. 38 at 22. Sysco attempted to cure this deficiency by alleging that "[i]f the Contract does not govern Sysco's dispute with IBrands or the Contract is somehow to be unenforceable, then no valid contract between Sysco and IBrands exists." ECF No. 39 ¶ 104. But Sysco fails to plead *facts* to support the alternative theory of unjust enrichment. *See Dick v. Colorado Hous. Enters.*, 780 F. App'x 121, 126 (5th Cir. 2019). "[B]ecause Plaintiff does not argue that the agreements are somehow invalid or otherwise unenforceable, Plaintiff is not permitted to plead unjust enrichment as an alternative to breach of contract claims." *Curtis v. Cerner Corp*, 621 B.R. 141, 171 (S.D. Tex. 2020) (cleaned up). Accordingly, Sysco's claim for unjust enrichment is dismissed.

### IV.   CONCLUSION

Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Sysco's claim for unjust enrichment is **DISMISSED**. All other claims may proceed.

**IT IS SO ORDERED.**

Signed at Houston, Texas on May 31, 2023.

Keid D. Ellis

Keith P. Ellison
United States District Judge